PHILLIP A. TALBERT
United States Attorney
WHITNEE GOINS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONTAE JEROME JONES, JR., et al.<br><br>Defendant. | CASE NO. 2:24-CR-00267 TLN<br><br>STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to witnesses or potential witnesses in this case, including personal identifying information, bank account information, and residence information;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate and that a

private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

WHEREAS, the defendant, DONTAE JONES, JR., has counsel ("Defense Counsel") who wishes the opportunity to review the discovery;

The defendant and the United States, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, interpreters, and investigators involved in the representation of the defendant ("the Defense Team").

4. The Defense Team may show witnesses who are not a part of the Defense Team the protected discovery in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such discovery, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness the protected discovery. Witnesses may only view the protected discovery in the presence of the Defense Team. No witness or potential witness may retain copies of the protected discovery after his or her review of those materials with the Defense Team is complete.

5. The protected discovery and information therein may only be used in connection with the litigation of this criminal case and for no other purpose. The protected discovery is now and will forever remain the property of the United States.

6. Defense Counsel and the defendant, if he retains any copy of any material, will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

7. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

8. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

9. Defense Counsel shall be responsible for advising the defendant, employees, and other members of the Defense Team of the contents of this Stipulation/Order.

10. While this Order applies to any copies made of any materials covered by this Order, it does not apply to any materials that the defendant or the Defense Team may have or gain access to via independent means, even if copies or duplicates of those materials may be covered by this Order.

11. Nothing in this Order shall prevent the United States from redacting personal identifying information or other confidential information in any of the protected discovery related to the identity of cooperators and informants.

12. Nothing in this Order limits the United States from disclosing the protected discovery to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

13. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated:  October 21, 2024 | | Respectfully submitted, |
| | | PHILLIP A. TALBERT<br>United States Attorney |
| | By: | /s/ *WHITNEE GOINS*<br>WHITNEE GOINS<br>Assistant United States Attorney |
| Dated:  October 21, 2024 | By: | */s/ MARK REICHEL*<br>MARK REICHEL<br>Counsel for DONTAE JONES, JR. |

## **ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  October 22, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE